Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN HOBDY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC.; and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: **'13CV1243 BEN NLS** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff STEVEN HOBDY is a natural person residing in the state of California, County of San Diego.

4. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MIDLAND") at all times relevant was a limited liability company doing business of collecting debts in San Diego County, California operating from an address at 5030 Camino de la Siesta, Suite 340, San Diego, CA 92108.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unknown, Defendant acquired information regarding two alleged accounts it associated with Plaintiff (the "Debt") and began a campaign of collection.

13. On May 4, 2012 Plaintiff sent two letters to Defendant requesting that Defendant cease and desist all efforts to collect on both accounts.

14. Each letter referenced a separate account.

15. Each letter was sent certified mail and was signed for by Defendant upon receipt.

16. After Defendant received the cease and desist letters it ignored Plaintiff's requests and continued to contact Plaintiff in an effort to collect the Debt.

17. Defendant called Plaintiff with such frequency as to constitute harassment under the circumstances.

18. Defendant called Plaintiff multiple times in a day on numerous occasions.

19. As a result of the acts alleged above, Plaintiff suffered actual damages.

//
//
//
//

## V.  FIRST CLAIM FOR RELIEF

**(As against Defendants for Violation of the FDCPA)**

20. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had notified the debt collector in writing that the Plaintiff refuses to pay the debt and/or that the Plaintiff wishes the debt collector to cease further communication;

    (b) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt; and

    (c) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI.  SECOND CLAIM FOR RELIEF

**(Against all Defendants for Violation of the Rosenthal Act)**

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be

        unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

    (c)    The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

    (a)    Actual damages;

    (b)    Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

    (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c); and

    (d)    For such other and further relief as the Court may deem just and proper.

Date: May 28, 2013

                __/s/ Jeremy S. Golden_____
                Jeremy S. Golden,
                Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: May 28, 2013

                        __/s/ Jeremy S. Golden_____
                        Jeremy S. Golden,
                        Attorney for Plaintiff